# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-2105V

| | |
|---|---|
| GARY HAYES,<br><br>                   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                   Respondent. | Chief Special Master Corcoran<br><br><br>Filed: December 5, 2024 |

*Catherine Wallace Costigan, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Neil Bhargava, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON DAMAGES[1]

On December 12, 2023, Gary Hayes filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that he suffered from Guillain-Barré syndrome ("GBS"), a Table injury, as a result of an influenza ("flu") vaccine administered on October 10, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 31, 2024, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for GBS corresponding to a listing on the Vaccine Injury Table, 42 C.F.R. §§ 100.3(a)(XIV)(D), (c)(15)).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On December 4, 2024, Respondent filed the attached proffer. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached proffer, **I award a lump sum of $165,456.13 (representing $147,500.00 for pain and suffering, $1,956.13 for past unreimbursable expenses, and $16,000.00 for past lost wages) in the form of a check payable to Petitioner.** Proffer at 2. This amount represents compensation for all damages that would be available under Section 15(a). *Id.*

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GARY HAYES, | ) |
| | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 23-1205V |
| v. | ) Chief Special Master Corcoran |
| | ) ECF |
| SECRETARY OF HEALTH AND HUMAN | ) |
| SERVICES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

### RESPONDENT'S PROFFER OF DAMAGES

On December 12, 2023, Gary Hayes ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered from Guillain-Barré syndrome ("GBS"), as defined in the Vaccine Injury Table, following administration of an influenza ("flu") vaccine he received on October 10, 2022. Pet. at 2. On October 31, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a Table GBS injury, and on the same day, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF Nos. 26, 27.

### I.    Items of Compensation

#### A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $147,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

#### B.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses

1

related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,956.13. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

    C.    <u>Lost Wages</u>

Evidence supplied by petitioner documents that he incurred past lost wages related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of $16,000.00. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.    <u>Form of the Award</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $165,456.13, in the form of a check payable to petitioner.

## III.    <u>Summary of Recommended Payments Following Judgment</u>

Lump sum payable to petitioner, Gary Hayes:        **$165,456.13**

                Respectfully submitted,

                BRIAN M. BOYNTON
                Principal Deputy Assistant Attorney General

                C. SALVATORE D'ALESSIO
                Director
                Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future unreimbursed expenses, future lost earnings, and future pain and suffering.

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

/s/ *NEIL BHARGAVA*
NEIL BHARGAVA
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel: (202) 305-3989
Neil.Bhargava@usdoj.gov

Date:  December 4, 2024